**JOHN J. JACKSON, III, ESQ. & ASSOCIATES,**
**ATTORNEYS AT LAW, LLC**
**John J. Jackson, Esq. #031791986**
2329 Highway 34 South, Suite 205
Manasquan, NJ 08736
(732) 769-8350
Attorneys for Plaintiff, Third Avenue Associates, Inc.

**UNITED STATES DISTRICT COURT**
**DISTTRICT OF NEW JERSEY**
**TRENTON DIVISION**

| | | |
|---|---|---|
| THIRD AVENUE ASSOCIATES, INC. | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | |
| | : | **COMPLAINT, JURY TRIAL** |
| v. | : | **DEMAND, AND DESIGNATION OF** |
| | : | **TRIAL COUNSEL** |
| | : | |
| | : | |
| | : | |
| HOWELL TOWNSHIP, TOWNSHIP OF | : | |
| HOWELL ZONING BOARD, | : | |
| and JOHN DOES 1-10 | : | |
| Defendant | : | |
| | : | |

Plaintiff, Third Avenue Associates, Inc. (hereinafter, "Plaintiff" or "Applicant") by and through their attorneys, John J. Jackson, III, Esq., & Associates, Attorneys at Law, LLC does hereby file this Complaint against the defendants, Howell Township and Township of Howell Zoning Board and states the following:

**<u>NATURE OF THE ACTION</u>**

1. This is a civil action seeking (i) declaratory judgment, punitive damages, compensatory damages, attorneys' fees and other relief, for violation of the Religious Land Use and

Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., arising from Defendants' denial of Plaintiff's application to develop a religious cemetery consistent with Plaintiff's sincerely held religious beliefs, and (ii) relief under New Jersey law through a Complaint in Lieu of Prerogative Writs, challenging the Zoning Board's denial of Plaintiff's land use application as arbitrary, capricious, and unreasonable.

## VENUE AND JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc et seq. ("RLUIPA").

2. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims arise out of the same nucleus of operative facts as the federal claims and form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside within this District and a substantial part of the events or omissions giving rise to the claims occurred within this District.

4. This Court has the authority to award costs and fees pursuant to 42 U.S.C. § 1988.

## PARTIES

5. Plaintiff, Third Avenue Associates, Inc. ("Plaintiff"), is a New Jersey corporation with offices located at 405 Candlewood Commons, Howell, NJ 07731.

6. Defendant, Township of Howell Zoning Board of Adjustment ("Zoning Board" or "Board"), is a public body organized under the laws of the State of New Jersey, with offices located at 4567 Rt 9 N 2nd Floor, Howell, NJ 07731.

7. Defendant, Township of Howell ("Township"), is a municipality organized under the laws of the State of New Jersey, with offices located at 4567 Rt 9 N 2nd Floor, Howell, NJ 07731.

## STATEMENT OF FACTS

8. Plaintiff is the contract purchaser of real property located at Block 219, Lot 13 on the Howell Township tax map, located along Adelphia-Farmingdale Road, within the ARE-2 Agricultural Rural Estate Zoning District ("Property").

9. On July 18, 2023, the Township of Howell governing body duly adopted a resolution expressly consenting that "a licensed cemetery may be established" on the subject property and further declared that the governing body had no objections to the development of the property as a cemetery.

10. The Property contains approximately 10.25 acres of mostly wooded, undeveloped land, with some existing site improvements including a partially constructed driveway and associated drainage features.

11. The Property is bordered by Adelphia-Farmingdale Road to the north, railroad right of way (R.O.W.) to the easy, a QFARM to the south, and residential uses to the west.

12. Plaintiff submitted an application to the Zoning Board seeking approval to construct a 5,440-plot cemetery with associated site improvements including circulation aisles, parallel parking areas, retaining walls, stormwater conveyance system and three aboveground filtration system.

13. The application included requests for the following use variance:

14. A Use Variance (d)(1) to permit a cemetery use in the ARE-2 zone where it is not a permitted use. (Howell Township Code §188-69.1B).

15. The application included requests for the following variances:

16. A Fence Height Variance (§188-12) to allow a 5-foot-high decorative metal fence within the required 50-foot front yard setback, exceeding the 4-foot maximum.

17. A Buffer & Screening Disturbance Variance (§188-63D) to allow plaintiff to re-grade a portion of the front buffer and a 5-foot high decorative fence and a sign ID within the required front buffer.

18. A Sign Variance (§256-4A): To allow an 18' by 18' site identification sign.

19. The application also requested the following design waivers:

20. A design waiver for lighting intensity (§188-22) requesting relief from required lighting levels, as no site lighting was proposed.

21. A design waiver for circulation aisle width (§188-106F.l.a) to allow a 20-foot-wide two-way circulation aisle and 10–12-foot-wide one-way aisles.

22. A design waiver parking aisle width (§188-107A) to allow 10-foot-wide aisles for parallel parking in the rear of the site.

23. A designed waiver for public sidewalks (§188-225G) to allow no sidewalk along the property frontage.

24. A design waiver for private walkways (§188-225G) to allow no private walkway connecting the site to a public sidewalk.

25. The Board held public hearings on the application on July 8, 2024, September 23, 2024, and February 10, 2025.

26. Plaintiff presented expert testimony from Robert Sive, PE, a licensed professional engineer, who described how the site includes three above-ground stormwater basins to manage runoff and tree removal would be offset by Plaintiff contributing to the Township's Tree Fund.

27. Mr. Arthur Schwartz, a representative of Third Avenue Associates, Inc. testified about the planned operation of the cemetery.

28. Specifically, Mr. Schwartz testified that the cemetery would be a Jewish cemetery and follow Jewish burial laws.

29. Mr. Schwartz testified that this includes cleansing the body and burial in a pine box with linen shroud.

30. Mr. Shwartz explained that as part of their religious practice that there is no embalming and described it as a natural burial.

31. Mr. Schwartz further testified that each lot will only contain one casket, and no vertical staking of caskets is proposed.

32. In support of the application, Plaintiff presented testimony from Christine Nazaro-Cofone, PP, a licensed professional planner, who testified that the proposed cemetery use promotes the general welfare, the use is inherently beneficial, the 10 plus acre site is appropriate, a cemetery is a low-intensity use, and that the benefits outweigh the detriments.

33. Expert testimony was also offered by Dennis Stain ken, Ph.D., a toxicologist and water monitoring expert, who explained that most decomposition occurs within six months, the creation of a bio-mat within a few feet of where the majority of microbes and bacteria

concentrate, acknowledged that studies warn of contamination from bacteria and viruses but pointed out that the neighboring wells are farther away than the monitoring done in those studies, and acknowledged the presence of risks but concluded that the remote risk of contamination to water and residential wells is minimal and of no concern.

34. John Rea, an expert traffic engineer, testified that cemetery uses are one of the lowest traffic generators, that peak activity does not conflict with commuter peak hours, and that the proposed cemetery will not significantly impact local traffic.

35. Plaintiff's proposed cemetery is intended to accommodate religiously motivated burial practices, including natural burials consistent with specific religious customs.

36. The cemetery would not use embalming fluid, vaults, or other chemical preservation, in accordance with religious doctrine and sincerely held beliefs.

37. Plaintiff's proposed cemetery would accommodate religious burial practices requiring natural in-ground decomposition without the use of burial vaults.

38. Plaintiff's experts testified that the site directs water flow away from residential properties.

39.  Objectors and Board members expressed concern over the absence of burial vaults and the potential for contamination from natural decomposition, despite the lack of any federal, state, or municipal ordinance addressing decomposition of bodies or evidence of scientific harm specific to this site.

40. The Board's skepticism and ultimate rejection of natural burials—an ancient and sacred religious practice—was not based on competent scientific proof of harm, but rather on speculative concerns.

41. During the course of the hearings, members of the Zoning Board engaged in or relied upon information obtained outside of the formal hearing record.

42. The Board's deliberations and denial of the application were influenced, at least in part, by research, information, or considerations that were not presented through testimony or evidence admitted during the public hearings.

43. During the public hearings, the Board Attorney and Planner gave counsel to the board regarding the significance of the Township's resolution, R-23-270, resulting in the Board's improper finding that R-23-270 did not confer any weight.

44. By preventing the Board to consider the township's resolution allowing for a licensed cemetery to be established the Board did not discuss or give weight to the township's resolution.

45. The Board attorney required Plaintiff to provide documentation to the board substantiating the resolution .

46. This request was made without prior notice.

47. The Board required Plaintiff to re-submit or substantiate the proofs that had already been presented to the township's mayor and council as part of securing the township's consent that a cemetery may be established.

48. Despite the overwhelming expert testimony in support of the application, the Board denied the application, finding that the proposed use was not inherently beneficial, that the use does not promote the public good, and that the site was not particularly suitable due to residential wells.

## COUNT ONE

**(Violation of 42 U.S.C. § 2000cc et seq., Religious Land Use and Institutionalized Persons Act of 2000 - Substantial Burden)**

49. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 48 as if fully set forth herein.

50. The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., provides that no government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden (1) is in furtherance of a compelling governmental interest, and (2) is the least restrictive means of furthering that interest.

51. Plaintiff's development of the Property as a cemetery is intended to support religiously motivated burial practices.

52. The Board's denial was rooted in disapproval of Plaintiff's religiously mandated burial method, citing unsubstantiated fears of contamination.

53. The denial of the application has imposed a substantial burden on Plaintiff's religious exercise by preventing the development of a religious cemetery aligned with these practices.

54. Defendants have not demonstrated any compelling governmental interest advanced by the denial, nor that denial was the least restrictive means of achieving such an interest.

55. The Board's rejection of non-vaulted natural burial practices, absent scientific evidence of harm or proof of environmental risk, contravenes RLUIPA's prohibition on substantial burdens imposed without sufficient justification.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    a.  Declare that the Zoning Board's denial of Plaintiff's application violates RLUIPA;

    b.  Order Defendants to approve the application or otherwise provide reasonable accommodation for Plaintiff's proposed religious cemetery use;

    c.  Punitive damages;

    d.  Compensatory damages;

    e.  Attorneys' fees, interest and costs of suit; and

    f.  Grant such other and further relief as the Court deems just and equitable.

## COUNT TWO

### (Arbitrary, Capricious, and Unreasonable Denial)

56. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 55 as if fully set forth herein.

57. The denial ignored competent expert testimony demonstrating that the application met all applicable statutory criteria under N.J.S.A. 40:55D-70 and applicable case law including Medici v. BPR Co., 107 N.J. 1 (1987), and Sica v. Board of Adjustment of Wall, 127 N.J. 152 (1992).

58. Plaintiff presented testimony from Christine Nazaro-Cofone, PP, a licensed professional planner, who expressly testified that the proposed use promotes the general welfare, is

inherently beneficial, and that the 10.25-acre site is particularly suitable for the proposed cemetery.

59. Ms. Nazaro-Cofone further testified that the benefits of the application outweigh any potential detriments.

60. Mr. Rea, a qualified traffic expert, testified that the cemetery would be among the lowest traffic-generating uses, and no conflict with peak commuting hours.

61. Plaintiff also presented expert testimony from Dennis Stainken, Ph.D., a toxicologist and water monitoring expert, who testified that while general studies show theoretical risks, the actual risk of groundwater contamination on this site was minimal and not a concern.

62. Mr. Stainken testified that the natural filtration processes occurs within a few feet of decomposition, the location of neighboring wells are more distant than in studies showing any impact, and concluded that the remote risk of contamination to water and residential wells is minimal and of no concern.

63. The Board failed to properly evaluate and weigh the positive and negative criteria in accordance with the law and the facts supported by the evidence.

64. Therefore the Zoning Board's denial of Plaintiff's application was arbitrary, capricious, and unreasonable.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    **a.** Declare the Zoning Board's denial of Plaintiff's application to be arbitrary, capricious, and unreasonable, and void as a matter of law;

    **b.** Declare the Board's resolution of denial to be arbitrary, capricious, and unreasonable, and void as a matter of law;

    **c.**  Reverse the Board's denial of the Plaintiff's application;

    **d.**  Award Plaintiff its reasonable attorneys' fees and costs of suit;

    **e.**  Grant such other and further relief as the Court deems just and equitable.

**<u>COUNT THREE</u>**

**(Board Erred in Denying Cemetery Use Where Governing Body Consented by Resolution)**

65. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 64 as if fully set forth herein.

66. Pursuant to N.J.S.A. 45:27-25(a), the establishment of a cemetery within a municipality requires the consent of the municipal governing body, which may be expressed by resolution.

67. On July 18, 2023, the Township of Howell governing body duly adopted a resolution expressly consenting that "a licensed cemetery may be established" on the subject property and further declared that the governing body had no objections to the development of the property as a cemetery.

68. The zoning board improperly gave no weight to the governing body's resolution of consent and denied Plaintiff's application.

69. The Board's failure to consider the Township's resolution did not allow the township to properly evaluate the positive and negative criteria.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    **a.**  Find that the Zoning Board's denial was in error;

    **b.**  Reverse the Board's denial of the application;

    **c.**  Award Plaintiff reasonable attorneys' fees and costs of suit;

    **d.** Grant such other and further relief as the Court deems just and equitable

## COUNT FOUR

### (Board Erred in Denying Religious Cemetery Use Where Governing Body Consented by Resolution)

70. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 69 as if fully set forth herein.

71. Pursuant to N.J.S.A. 45:27-25(a), the establishment of a cemetery within a municipality requires the consent of the municipal governing body, which may be expressed by resolution.

72. On July 18, 2023, the Township of Howell governing body duly adopted a resolution expressly consenting that "a licensed cemetery may be established" on the subject property further declared that the governing body had no objections to the development of the property as a cemetery.

73. The zoning board improperly gave no weight to the governing body's resolution of consent and denied plaintiff's application.

74. The Board's failure to consider the Township's resolution did not allow the township to properly evaluate the positive and negative criteria.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    **a.** Find that the Zoning Board's denial was in error;

    **b.** Reverse the Board's denial of the application;

    **c.** Award Plaintiff reasonable attorneys' fees and costs of suit;

    **d.** Grant such other and further relief as the Court deems just and equitable.

## COUNT FIVE

### (Improper Reliance on Evidence Outside the Record)

75. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 74 as if fully set forth herein.

76. In quasi-judicial proceedings such as variance and site plan applications, Zoning Board members are required to base their decisions solely on the evidence presented in the record during the public hearing.

77. Despite this obligation, several members of the Howell Township Zoning Board engaged in or relied upon extraneous research, speculation, or personal knowledge obtained outside the record in evaluating and ultimately denying Plaintiff's application.

78. This outside research and investigation tainted the Board's objectivity and therefore the Board's denial is improper.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

   a.  Declare that the Zoning Board's denial was tainted by improper reliance on matters outside the record and is therefore legally deficient;

   b.  Reverse the Board's denial of the application;

   c.  Award Plaintiff reasonable attorneys' fees and costs of suit;

   d.  Grant such other and further relief as the Court deems just and equitable.

## COUNT SIX

### (Improper Legal Guidance Regarding Governing Body Consent)

79. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 78 as if fully set forth herein.

80. The Board Attorney and planner gave improper counsel to the board regarding the significance of the Township's Resolution R-23-270, resulting in the Board's improper finding that R-23-270 did not confer any weight.

81. The omission of the Township's resolution from the Board's consideration limited the Board's ability to fully evaluate the positive and negative criteria.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    a.  Reverse the Board's denial of the application;

    b.  Award Plaintiff reasonable attorneys' fees and costs of suit;

    c.  Grant such other and further relief as the Court deems just and equitable.

## COUNT SEVEN

**(Improper Request for Additional Documentation During Deliberations)**

82. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 81 as if fully set forth herein.

83. After the close of the public hearing, the Board Attorney required Plaintiff to provide documentation to the board substantiating the resolution approved by the mayor and town council.

84. This request was made without prior notice.

85. The Board required Plaintiff to re-submit or substantiate the proofs that had already been presented to the mayor and town council as part of securing the governing body's resolution of consent that a licensed cemetery may be established.

86. The Board lacked any legal basis to require Plaintiff to reestablish or reprove the elements of the case that had already been presented to and accepted by the mayor and town

council. The mayor and council are not a quasi-judicial body, but an entity empowered to evaluate community needs and exercise discretion in consenting to the establishment of a cemetery.

87. The Zoning Board does not have authority to second-guess the mayor and town council's resolution or to impose an additional evidentiary burden on Plaintiff in connection with that consent.

88. The Board's demand that Plaintiff re-prove its application to the Board, based on what had been submitted to the governing body, was procedurally improper and inconsistent with the role and limitations of the Board under the Municipal Land Use Law.

89. The requirement that Plaintiff further substantiate its application during deliberations was procedurally improper and contrary to the quasi-judicial nature of zoning board proceedings.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    a.  Find that the Board's request for additional documentation during deliberations was improper;

    b.  Reverse the Board's denial of the application;

    c.  Award Plaintiff reasonable attorneys' fees and costs of suit;

    d.  Grant such other and further relief as the Court deems just and equitable.

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by jury on all issues permitted to be tried by a jury.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to R. 4:25-4, notice is hereby given that John J. Jackson III, Attorney for the Plaintiff/Petitioner,  Third Avenue Associates, Inc., is designated as trial counsel in the above captioned matter.

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject matter of any other action pending in any Court or of a pending arbitration or administrative proceeding, and that no other action or arbitration or administrative proceeding is contemplated.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## CERTIFICATION PURUSANT TO R. 4:16-9

Pursuant to R. 4:16-9, I hereby certify that all necessary transcripts of the proceeding in this cause of action have been formally requested from the township by the Plaintiff on May 2, 2025.

JOHN J. JACKSON III & ASSOCIATES, ATTORNEYS AT LAW, LLC
Attorneys for Plaintiff Third Avenue Associates, Inc.

By: s/ John J. Jackson, III

Dated: May 3, 2025