<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THIRD AVENUE ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOWELL TOWNSHIP *et al.*, <br><br> Defendants. | Civil Action No. 25-03794 (GC) (TJB) <br><br> <u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Defendant Howell Township's Motion to Dismiss Plaintiff Third Avenue Associates, Inc.'s Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 11.) Plaintiff opposed the Motion. (ECF No. 13.) Howell Township did not file a reply. The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Howell Township's Motion is **GRANTED**.

**I.     BACKGROUND**

    **A.     Factual Background[1]**

Plaintiff is the contract purchaser of approximately 10.25 acres of mostly wooded, undeveloped land in Howell Township. (ECF No. 1 ¶¶ 8, 10.) Plaintiff seeks to develop the land

---

[1]     On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

into a Jewish cemetery. (*Id.* ¶¶ 12, 28.) On July 18, 2023, the governing body of Howell Township adopted a resolution consenting to the establishment of a licensed cemetery on the property. (*Id.* ¶ 9.)[2] Having obtained the consent of Howell Township, Plaintiff thereafter sought approval for its proposed cemetery project from the Township of Howell Zoning Board (the Zoning Board). (*Id.* ¶ 12.) Plaintiff's application included requests for several variances and design waivers. (*Id.* ¶¶ 13-24.)[3]

The Zoning Board held public hearings in July 2024 and February 2025. (*Id.* ¶ 25.) Plaintiff's representative testified that burials at the proposed cemetery would be done in accordance with Jewish laws, including by conducting "natural burials," (*i.e.*, without the use of embalming fluids, vaults, or other chemical preservation). (*See id.* ¶¶ 27-30, 36.) Several experts also testified in support of Plaintiff's application. A toxicologist and water monitoring expert "acknowledged the presence of risks but concluded that the remote risk of contamination to water and residential wells" near the site of the proposed cemetery was "minimal and of no concern." (*Id.* ¶ 33.) Another expert, a licensed professional planner, testified that the proposed cemetery would "promote[] the general welfare," and that "the benefits outweigh[ed] the detriments." (*Id.* ¶ 32.)

At the hearing, "[o]bjectors and [Zoning B]oard members expressed concern over the absence of burial vaults and the potential for contamination from natural decomposition." (*Id.* ¶ 39.) According to Plaintiff, the Zoning Board's skepticism of natural burials "was not based

---

[2] New Jersey law provides that "[a] cemetery shall not be established or enlarged in any municipality without first obtaining the consent of the municipality by resolution." N.J. Stat. Ann. § 45:27-25(a).

[3] The property at issue is located at Block 219, Lot 13 on the Howell Township tax map. (ECF No. 1 ¶ 8.)

on competent scientific proof of harm, but rather on speculative concerns." (*Id.* ¶ 40.) Plaintiff also alleges that in considering Plaintiff's application, the Zoning Board "relied upon information obtained outside of the formal hearing record." (*Id.* ¶ 41.) And despite Howell Township having passed a resolution consenting to the establishment of a cemetery on the property, the Zoning Board found the resolution "did not confer any weight." (*Id.* ¶¶ 9, 43.)

The Zoning Board ultimately denied Plaintiff's application, "finding that the proposed use was not inherently beneficial, that the use does not promote the public good, and that the site was not particularly suitable due to residential wells." (*Id.* ¶ 48.)

### B. Procedural Background

On May 3, 2025, Plaintiff filed its seven-count Complaint naming Howell Township and the Zoning Board as Defendants. (*Id.*) In Count One, Plaintiff alleges a violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* (RLUIPA).[4] In Counts Two through Seven, Plaintiff alleges that the Zoning Board erred in various ways: "Arbitrary, Capricious, and Unreasonable Denial" (Count Two); "Board Erred in Denying Cemetery Use Where Governing Body Consented by Resolution" (Count Three); "Board Erred in Denying Religious Cemetery Use Where Governing Body Consented by Resolution" (Count Four); "Improper Reliance on Evidence Outside the Record" (Count Five); "Improper Legal Guidance Regarding Governing Body Consent" (Count Six); and "Improper Request for Additional Documentation During Deliberations" (Count Seven). Among other relief, Plaintiff seeks compensatory and punitive damages, reversal of the Zoning Board's denial of its application, and attorneys' fees and costs.

---

[4] The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

On June 12, 2025, Howell Township filed the instant Motion to Dismiss. (ECF No. 11.) That same day, the Zoning Board filed an Answer. (ECF No. 12.)

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

In deciding a Rule 12(b)(6) motion, the court can only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). A court may also consider any document "integral to or explicitly relied upon

in the complaint" when ruling on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III. DISCUSSION

The parties dispute whether the Complaint contains any plausible allegations against Howell Township. The Court considers this argument first with regard to Plaintiff's claims seeking reversal of the Zoning Board's decision, and second with regard to Plaintiff's RLUIPA claim.

### A. Reversal of the Zoning Board's Application Denial (Counts Two through Seven)

Plaintiff brings six separate claims seeking reversal of the Zoning Board's denial of Plaintiff's application. Howell Township argues that Plaintiff fails to state a claim against it because Plaintiff's Complaint "contains no allegations of harm by the Township." (ECF No. 11-1 at 4.[5]) According to Howell Township, the factual allegations in the Complaint make clear that "the Township's involvement in this matter occurred prior to the Zoning Board application." (*Id.*) Howell Township further argues that it should be dismissed because zoning boards are distinct entities from municipal governing bodies, such that they exercise power "separate and apart from a municipal governing body." (*Id.* at 8.)

In opposition, Plaintiff disputes that Howell Township and the Zoning Board are distinct legal entities. Plaintiff asserts that under New Jersey's Municipal Land Use Law, N.J. Stat. Ann. § 40:55D-1 *et seq.*, "zoning boards of adjustment are created by ordinance, populated by appointees of the governing body, and empowered solely through the municipality's legislative authority." (ECF No. 13 at 16.) Thus, Plaintiff contends that the claims against Howell Township are adequately pled because the Zoning Board acts as an instrumentality of Howell Township. (*Id.*

---

[5] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

at 17.) Plaintiff also asserts that Count Four—which seeks reversal of the Zoning Board's decision for failure to give proper weight to Howell Township's resolution consenting to the establishment of the cemetery—"was intended to assert liability against the Township in its role as the governing body." (*Id.*) However, Plaintiff concedes that "the original Complaint may have framed this count primarily in terms of the Board's conduct," and Plaintiff states that it will file an amended complaint. (*Id.*)

In New Jersey, "the authority to regulate land use is exercised by three *separate* municipal bodies: the governing body, the planning board, and the zoning board of adjustment." *Matthews v. Ehrmann*, 2019 WL 692127, at *5 (N.J. Super. Ct. App. Div. Feb. 20, 2019) (emphasis added). "Generally, the governing body establishes ordinances, the planning board creates an overall plan for the municipality, and the zoning board of adjustment reviews individual permit applications and grants or denies variances from the ordinances." *Id.*

As relevant here, "zoning boards are independent quasi-judicial administrative bodies, and their powers are authorized by statute." *1840 P. Cheeseman Rd., LLC v. Twp. of Gloucester Zoning Bd. of Adjustment*, Civ. No. 16-01680, 2016 WL 7325470, at *4 (D.N.J. Dec. 16, 2016) (citing *Endreson v. Dover Twp. Zoning Bd. of Adjustment*, 2009 WL 1066053, at *5 (N.J. Super. Ct. App. Div. 2009)). Thus, courts have found that "zoning boards are 'entities independent of the governing body of the municipality.'" *Id.* (citing *Lehrhaupt v. Flynn*, 356 A.2d 35, 45 (N.J. Super. Ct. App. Div. 1976), *aff'd*, 383 A.2d 428 (N.J. 1978)); *see also Rogoff v. Tufariello*, 255 A.2d 781, 784 (N.J. Super. Ct. App. Div. 1969) ("It is well established that a board of adjustment is an independent administrative body, . . . whose powers stem directly from the zoning statute.") (internal citation omitted); *Sansone Oldsmobile-Cadillac, Inc. v. Bd. of Adjustment of Borough of Shrewsbury*, 511 A.2d 748, 751 (N.J. Super. Ct. Law. Div. 1986) ("[A] zoning board of adjustment

is an independent administrative body acting in a quasi-judicial capacity."); *DeLuca v. Kahr Bros.*, 407 A.2d 1285, 1287 (N.J. Super. Ct. Law. Div. 1979) ("[I]t must be recognized that each of the defendant entities involved in the pending motion is autonomous. Once appointed by the township governing body, the planning board and zoning board operate independently."); *Piscitelli v. Twp. Comm. of Scotch Plains Twp.*, 248 A.2d 274, 277 (N.J. Super. Ct. Law. Div. 1968) ("In the exercise of the powers conferred by the statute and the ordinance, the zoning board is not the agent of the local governing body."). It follows that "without any separate involvement with the events giving rise to a plaintiff's claims against a zoning board, a municipality cannot be held liable for the acts of the zoning board." *1840 P. Cheeseman Rd.*, 2016 WL 7325470, at *4.

Here, Plaintiff's Complaint lacks any allegations of wrongful conduct undertaken by Howell Township. New Jersey law provides that "[a] cemetery shall not be established or enlarged in any municipality without first obtaining the consent of the municipality by resolution." N.J. Stat. Ann. § 45:27-25(a). The Complaint simply alleges that Howell Township *approved* such a resolution. (See ECF No. 1 ¶¶ 9, 67.) Plaintiff challenges the Zoning Board's subsequent denial of Plaintiff's application. (*See, e.g.*, *id.* ¶¶ 65-69.) But Plaintiff does not allege that Howell Township or its employees committed any wrongdoing in connection with the Zoning Board's denial. And, the denial of Plaintiff's application was within the jurisdiction of the Zoning Board— not Howell Township. *See Najduch v. Twp. of Indep. Plan. Bd.*, 985 A.2d 663, 668 (N. J. Super. Ct. App. Div. 2009) ("Where a use is not permitted by the zoning ordinance, [New Jersey law] permits applicants to seek use variances from the board of adjustment. . . . This power is exclusive. . . .") (internal citation omitted); *see also Abel v. Bd. of Works of City of Elizabeth*, 164 A.2d 764, 772 (N.J. Super. Ct. App. Div. 1960) (noting that zoning boards are "invested with sole jurisdiction to grant an exception or a variance" under New Jersey law).

At bottom, the Complaint provides no basis upon which Howell Township can be held liable for the Zoning Board's alleged errors in denying Plaintiff's application. *Cf. 1840 P. Cheeseman Rd.*, 2016 WL 7325470, at *4 (allowing complaint to proceed against both the township and the zoning board where the plaintiffs "alleged wrongs perpetrated by the [t]ownship itself, separate from and in concert with the [z]oning [b]oard.").

Accordingly, Counts Two through Seven are dismissed without prejudice as to Howell Township.

B.  **RLUIPA (Count One)**

Plaintiff also seeks damages and declaratory and injunctive relief under RLUIPA. "Congress passed RLUIPA upon finding that local zoning boards would use 'vague and universally applicable reasons,' such as traffic or aesthetics, to contrive widespread discrimination on the basis of religion." *Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, 226 F. Supp. 3d 320, 341 (D.N.J. 2016). Among other things, RLUIPA "prohibits land use regulations that substantially burden the exercise of religion unless the government action can survive a strict scrutiny analysis." *Id.*

Plaintiff alleges that the Zoning Board's denial of its application was "rooted in disapproval of Plaintiff's religiously mandated burial method," and that such denial "has imposed a substantial burden on Plaintiff's religious exercise by preventing the development of a religious cemetery aligned with these practices." (ECF No. 1 ¶¶ 52-53.) Further, Plaintiff asserts that "[t]he [Zoning] Board's rejection of non-vaulted natural burial practices, absent scientific evidence of harm or proof of environmental risk, contravenes RLUIPA's prohibition on substantial burdens imposed without sufficient justification." (*Id.* ¶ 55.) Howell Township is not specifically referenced in Count One, although one allegation states that "Defendants" failed to demonstrate "any compelling governmental interest advanced by the denial, nor that denial was the least restrictive means of achieving such an interest." (*Id.* ¶ 54.)

Howell Township moves to dismiss Plaintiff's RLUIPA claim for similar reasons as Plaintiff's state law claims. Specifically, Howell Township argues that the allegations in the Complaint show that the Township did "precisely what Plaintiff asked [it] to do – it agreed to a cemetery subject to Zoning Board approval." (ECF No. 11-1 at 9.) Howell Township also asserts that although "the prohibition in RLUIPA on government implementation of land use regulations is cited, the Township did not impose or implement any such regulations against" Plaintiff. (*Id.*)

Plaintiff counters that Howell Township "is the only legally cognizable defendant . . . because it is the municipal entity with both the legal authority to implement land use policies and the financial capacity to remedy violations of federal law." (ECF No. 13 at 15.) Plaintiff contends that the "Zoning Board—comprised of appointed, unpaid volunteers—has neither the financial authority nor the legal capacity to satisfy a judgment." (*Id.* at 14.) Plaintiff also argues that Howell Township should remain in this case under the plain language of RLUIPA. (*Id.* at 13-14.) Nevertheless, Plaintiff acknowledges that this case "appears to present a matter of first impression in New Jersey: whether both the zoning board of adjustment and the municipality must be named in an action challenging a land use denial involving religious rights." (*Id.* at 11.)

According to Plaintiff, *Khan v. City of Paterson*, Civ. No. 17-5006, 2019 WL 1552679 (D.N.J. Apr. 9, 2019), is the "only case that [Plaintiff] could find that addresses in any way whether the municipality itself is liable for the acts of its land use board." (ECF No. 13 at 5.) Plaintiff characterizes *Khan* as involving an issue "very similar to the issue here, although somewhat in reverse." (*Id.*) In *Khan*, members of a board of adjustment brought civil rights claims against the board and the city for allegedly harassing and removing them from the board based on their religion. 2019 WL 1552679, at *1. Noting that "[a]dministrative arms of a municipality and the municipality itself are treated as a single entity for purposes of [42 U.S.C.] § 1983," the court

9

dismissed the board from the suit. *Id.* at *2. Although the plaintiffs argued that the board and the city were separate entities, the court noted that the plaintiffs failed to cite any legal authority to support that proposition. *Id.*

The Court finds that *Khan* is distinguishable from this case. First, *Khan* involved claims under 42 U.S.C. § 1983, and thus Plaintiff acknowledges that the "arm of the city" doctrine applied in *Khan* is "slightly peripheral in an academic sense to the issue here because it relates to whether a subordinate governmental entity benefits from the immunities that the official governmental entity enjoys." (ECF No. 13 at 12.) Howell Township has not argued that it is immune—it simply argues that Plaintiff's Complaint contains no allegations against it. (*See generally* ECF No. 11-1.) As a result, the Court is unpersuaded that *Khan* supports the broad proposition Plaintiff asks the Court to adopt—that the "master governmental entity is the one that is responsible and is the proper defendant in various forms of liability." (ECF No. 13 at 12.) Second, the plaintiffs in *Khan* failed to support their arguments concerning the independence of zoning boards under New Jersey law. 2019 WL 1552679, at *2. But as noted above, another court in this district has explained that "without any separate involvement with the events giving rise to a plaintiff's claims against a zoning board, a municipality cannot be held liable for the acts of the zoning board." *1840 P. Cheeseman Rd., LLC*, 2016 WL 7325470, at *4. The Court is unpersuaded that this statement should not apply with equal force when religious rights are at issue. Third, while the plaintiffs in *Khan* failed to successfully state a claim, the plaintiffs had attempted to allege wrongdoing on the part of the city itself. 2019 WL 1552679, at *2-3. That stands in contrast with Plaintiff's Complaint, which contains no allegations of wrongdoing by Howell Township. (*See generally* ECF No. 1.) At bottom, the Court finds that *Khan* does not support Plaintiff's position.

10

Plaintiff also fails to support its argument that Howell Township must remain a party based on the plain language of RLUIPA. In relevant part, RLUIPA provides that "[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden" on religious exercise. 42 U.S.C. § 2000cc-1(a)(1). The statute further defines "government" as "a State, county, municipality, or other governmental entity created under the authority of a State." 42 U.S.C. § 2000cc-5(4). Although Plaintiff argues that Howell Township "is the governmental 'entity', and its board is included under that definition," (ECF No. 13 at 13), Plaintiff does not explain why the Zoning Board is not some "other governmental entity created under the authority of a State." *See Silverman Grp. v. Morristown Plan. Bd.*, 2023 WL 2997949, at *5 (N.J. Super. Ct. App. Div. Apr. 19, 2023) ("Because they are created by statute, planning and zoning boards may exercise only those powers granted by statute.") (citation modified).

Indeed, courts have noted that a zoning board may be liable under RLUIPA (and other civil rights statutes). *See Adam Cmty. Ctr. v. City of Troy*, 381 F. Supp. 3d 887, 897 (E.D. Mich. 2019) ("Defendants similarly fail to identify a single authority for the proposition that a city council *or municipal board* cannot be sued for alleged RLUIPA violations. Such an argument stands in contrast to the litany of cases against municipal entities alleging constitutional violations or claims under RLUIPA.") (emphasis added) (collecting cases); *see also Jodeco, Inc. v. Hann*, 674 F. Supp. 488, 499 (D.N.J. 1987) (finding that while individual members of a zoning board were immune from the plaintiffs' § 1983 claims, neither the zoning board nor the city were immune); *Schiazza v. Zoning Hearing Bd., Fairview Twp., York Cnty., Pa.*, 168 F. Supp. 2d 361, 373 (M.D. Pa. 2001) (finding that a zoning board was an entity capable of being sued under § 1983). Again, since Plaintiff's factual allegations are directed solely towards the alleged misconduct of the Zoning Board, the Court finds no basis to hold Howell Township liable. *See 1840 P. Cheeseman Rd.*, 2016

WL 7325470, at *4. And Plaintiff provides no legal basis upon which the Court could conclude that a judgment against the Zoning Board could not provide Plaintiff relief.

Accordingly, Count One of Plaintiff's Complaint is dismissed without prejudice as against Howell Township.

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Howell Township's Motion to Dismiss (ECF No. 11) is **GRANTED**. Plaintiff will be granted leave to file an Amended Complaint within thirty days to the extent it can cure the deficiencies identified herein. An appropriate Order follows.

Dated: January 6, 2026

_____
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE